

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

**FILED**

2015 AUG 21 P 2:41

US DISTRICT COURT
HARTFORD CT

*Abraham A. Ribicoff Federal Building*   (860)947-1101
*450 Main Street Room 328*   Fax (860) 240-3291
*Hartford, CT 06103*

August 21, 2015

William H. Paetzold, Esq.
Moriarty & Paetzold
2230 Main Street
Glastonbury, CT 06033

    Re:    <u>United States v. Ivan Estrada</u>
             3:14CR00191 (MPS)

Dear Attorney Paetzold:

    This letter confirms the plea agreement entered into between your client, Ivan Estrada (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the above referenced criminal matter.

**THE PLEA AND OFFENSE**

    The defendant agrees to plead guilty to a lesser included offense of Count One of the Indictment, to wit, conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). He understands that to be guilty of Count One of the Indictment, the following essential elements of the offense must be satisfied:

1. On or about the dates alleged in the Indictment, there was an agreement between two or more persons to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of heroin;

2. The defendant knowingly, willfully, and voluntarily became a participant in, or a member of, the agreement, and did so with the intention of furthering an objective of the conspiracy; and

3. The object of the conspiracy involved the possession with intent to distribute and distribution of a mixture and substance containing a detectable amount of heroin.

**THE PENALTIES**

The lesser included offense of Count One of the Indictment carries a maximum penalty of twenty years imprisonment and a fine of as much as $1,000,000. Moreover, any sentence of incarceration under this provision must include a term of supervised release of at least three years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment up to two (2) years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offenses; (2) twice the gross loss resulting from the offenses; or (3) $1,000,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00. The defendant agrees to pay the special assessment on or before the date of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within fifteen (15) days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and § 3612(g).

**THE SENTENCING GUIDELINES**

1. Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines, as well as other factors enumerated in 18 U.S.C. § 3553(a), to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

2. Determination of Quantity

The parties agree and acknowledge that the defendant's relevant and readily foreseeable conduct involved at least 80 grams, but less than 100 grams, of heroin. The defendant waives any right to a jury trial or sentencing hearing in connection with such issue.

3.      Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.

The above-listed recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition through the submission of a complete and truthful financial statement. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The Government will not make the recommendations if the defendant engages in any acts which, in the Government's view, (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make the recommendations if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations.

4.      Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

5.      Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category V. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

The defendant and the Government agree that the drug quantities which form the basis of the offense to which he is pleading guilty and the defendant's relevant and readily foreseeable conduct (see U.S.S.G. § 1B1.3, app. note 1) involved at least 80 grams, but less than 100 grams, of heroin, which results in a base offense level of 22. The parties agree that three levels should be subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, which results in a total offense level of 19. A total offense level of 19 and a Criminal History Category of V would result in a range of 57 to 71 months of imprisonment (sentencing table). In addition, his guideline fine range would be $6,000 to $1,000,000, pursuant to U.S.S.G. § 5E1.2(c).

Regardless of the Guidelines range ultimately determined by the Court, the Government and the defendant both reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their rights to object to a departure or a non-Guidelines sentence.

The defendant expressly understands that the Court is not bound by this agreement on the Guidelines and fine ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement. The defendant reserves his right to seek a downward departure or non-Guidelines sentence.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

6.   Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 57 months of imprisonment, a 3-year term of supervised release, a $100 special assessment and a $1,000,000 fine, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's

4

sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

      7.     <u>Information to the Court</u>

The parties expressly reserve their respective rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

<u>Waiver of Trial Rights and Consequences of Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Waiver of Challenges Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

6

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his narcotics activity which forms the basis of the charge in the Indictment. After sentencing, the Government will move to dismiss Count Seven of the Indictment as to the defendant.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____        8/21/15
Ivan Estrada                        Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____        8/21/15
William H. Paetzold, Esq.           Date
Attorney for the Defendant

8

## STIPULATION OF OFFENSE CONDUCT

The defendant Ivan Estrada and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Count One of the Indictment:

Between approximately July 2013 and March 2014, Ivan Estrada conspired with William Suarez and others to sell heroin for profit. During the conspiracy period, Estrada and Suarez worked together to sell heroin. Suarez and Estrada sold heroin to customers in the New Haven area. Suarez and Estrada used Suarez's residence at 110 Maltby Street in New Haven, CT to facilitate their heroin trafficking activities. Estrada used Suarez's telephones to discuss and arrange heroin transactions with heroin customers and other associates. When Suarez traveled to Hartford, CT to get re-supplied with heroin, Estrada used cellular telephones that were the subject of a Court-authorized wire-tap to distribute heroin on Suarez's behalf. Investigators intercepted numerous telephone calls during which Estrada discussed and arranged heroin transactions. These intercepted calls included calls regarding, among other activities, the following: calls between Estrada and Suarez during which they discussed their heroin trafficking activities; calls between Estrada and narcotics customers during which they arranged to conduct heroin transactions; and calls between Estrada and other narcotics associates during which they discussed narcotics transactions.

On March 20, 2014, investigators executed a search warrant at Suarez's residence at 110 Maltby Street in New Haven, CT. On that date, investigators observed Suarez leave 110 Maltby Street and enter a car. Investigators conducted a motor vehicle stop of Suarez. When investigators executed the search warrant at Suarez's residence, investigators found Estrada inside the residence. Investigators seized the following evidence from 110 Maltby Street: 170 bags of heroin packaged in "bundles" of ten; multiple cellular telephones; numerous materials used to process and package heroin, including numerous empty wax paper packets, numerous empty ziplock baggies and numerous small black rubber bands used to bundle heroin; a .45 caliber semi-automatic pistol; and ammunition.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
Ivan Estrada
The Defendant

_____
William H. Paetzold, Esq.
Attorney for the Defendant

_____
Geoffrey M. Stone
Assistant United States Attorney

9